IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

TIMOTHY EDWARD MYERS                                                                          PLAINTIFF

VERSUS                                                            CIVIL ACTION NO. 2:07cv129-KS-MTP

RONALD KING, et al.                                                                        DEFENDANTS

### MEMORANDUM OPINION

This cause is before the court, <u>sua sponte</u>, for consideration of dismissal.  Plaintiff Myers, an inmate currently incarcerated in the South Mississippi Correctional Facility (SMCI), Leakesville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983 requesting injunctive and declaratory relief and monetary damages.  The named defendants are Ronald King, James Brewer, Lt. Beth Hillman, Albert First, and Barbara Crocker.

The plaintiff complains that while he was incarcerated at SMCI a search of inmate's property was conducted in January 2005.  As a result, the plaintiff's electric typewriter, radio, electrical extension cord, and three ribbon cartridges for his typewriter were confiscated.  In his complaint, the plaintiff states that he exhausted his administrative remedies including an appeal to the Circuit Court of Sunflower County of the denial of his requested administrative relief. According to his complaint [1] (p.14) and his response [8] (p.15-Exhibit "B"), the Circuit Court of Sunflower County denied his appeal and affirmed the administrative remedy decision of the prison officials by order dated on October 27, 2006.

### Analysis

Upon review of the complaint, this court finds that the Third Step Response, attached to the complaint [1] and marked Exhibit "D", states that "[i]f [the offenders] are not satisfied with this response, [the offender] may within thirty (30) days after receipt of this decision, seek judicial

review." According to the complaint [1] and the response [8], the plaintiff filed for judicial review of the decision of the prison official in the administrative remedies request in the form of an "appeal." Notwithstanding the title placed on the pleading, it is clear to this court that the plaintiff has received a judicial review by the state court of Sunflower County, Mississippi of his claims presented in the instant civil action. Consequently, the plaintiff's instant complaint is in the nature of a request that this federal district court review the order of the Circuit Court of Sunflower County entered on October 27, 2006.

"Federal Courts are courts of limited jurisdiction" and "[w]e must presume that a suit lies outside of this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir.2001). This court may sua sponte raise the jurisdictional issue at any time and in fact has a "continuing obligation to examine the basis for jurisdiction." MCG, Inc. v. Great W. Energy Corp., 896 F.2d 170, 173 (5th Cir.1990)(See also Burge v. Parish of St. Tammany, 187 F.3d 452, 465-66 (5th Cir.1999)). Although the court certainly has jurisdiction over § 1983 claims, "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." See Hale v. Harney, 786 F.2d 688, 691 (5th Cir.1986).

As the United States Court of Appeals for the Fifth Circuit has explained, "[t]he Supreme Court has definitively established, in what has become known as the Rooker-Feldman doctrine, that 'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'" Weekly v. Morrow, 204 F.3d 613, 615 (5th Cir.

2000)(citing Liedtke v. State Bar of Texas, 18 F.3d 315, 317 (5th Cir.1994))(citations omitted).[1]  "If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court.  Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court."  Weekly, 204 F.3d at 615.  "This jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state court decision, but also extends to those in which the constitutional claims presented ... are inextricably intertwined with the state court's grant or denial of relief."  Hale v. Harney, 786 F.2d 688, 691 (5th Cir.1986).  Regardless of how the plaintiff couches his claim, he is requesting this Court review the decision of the Circuit Court of Sunflower County that dismissed his "appeal" or judicial review of his claim that he was wrongfully deprived of his property which is the subject of the instant complaint.   This court simply does not have jurisdiction to entertain the plaintiff's cause of action and to grant the requested relief in this action.

## Conclusion

As discussed above, this court does not have jurisdiction under the circumstances of this civil action to review, modify, or nullify an order of the state courts.  Consequently, plaintiff's cause of action will be dismissed with prejudice for this court's lack of jurisdiction.

A final judgment in accordance with this memorandum opinion will be entered.

SO ORDERED, this the 24th day of October, 2007.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[1] Referencing Rooker v. Fidelity Trust Co., 263 U.S. 413  (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).